Filed 7/19/21  P. v. Anderson CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B306032 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA008469) |
| v. | |
| YOLANDA RAE ANDERSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Debra Cole-Hall, Judge.  Reversed and remanded.

Gibson, Dunn & Crutcher, Courtney M. Johnson, Eric D. Vandevelde for Defendant and Appellant.

Matthew Rodriguez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Michael R. Johnsen,

Supervising Deputy Attorney General, and Peggy Z. Huang, Deputy Attorney General for Plaintiff and Respondent.

_____

Yolanda Rae Anderson, convicted of two counts of first degree murder in 1993, appeals the superior court's order denying her petition for resentencing under Penal Code section 1170.95[1] based on the court's finding Anderson had not made a prima facie showing she was entitled to relief. Anderson contends, and the Attorney General concedes, the superior court erred by prematurely engaging in factfinding not permitted before issuing an order to show cause and conducting an evidentiary hearing. We agree, reverse the order denying Anderson's petition and remand with directions to issue an order to show cause and to conduct further proceedings in accordance with section 1170.95, subdivision (d).

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Anderson's Felony-murder Conviction*

Anderson was charged in an information filed October 10, 1991 with two counts of first degree murder (§ 187, subd. (a)) and two counts of first degree robbery (§§ 211, 212.5) with special allegations that a principal had been armed with a firearm during the commission of all four offenses (§ 12022, subd. (a)(1)). The information did not include accomplice-liability, felony-murder special-circumstance allegations (see §§ 190.2, subds. (a)(17), (d)).

Our opinion affirming Anderson's judgment of conviction described the evidence presented at trial, which included

_____

[1] Statutory references are to this code.

2

Anderson's testimony.  (*People v. Anderson* (Sept. 20, 1994, B076960) [nonpub. opn.].)

Late at night on June 27, 1991 Anderson went to the Hammock family's apartment in Downey with Samuel Simpson, a former boyfriend, and Samuel's brother, La France Simpson. Anderson knew the Hammock family.  As instructed by Samuel Simpson, Anderson knocked on the door and asked the family's 11-year-old son to let her inside and to wake his mother, explaining she was experiencing an emergency.  When the boy went to get his mother, the Simpsons entered the home. Anderson returned to her car.  The Simpsons tied up the boy; demanded money and jewelry from his parents, Thomas and Lawana Hammock; ransacked the home taking valuables; and shot and killed Thomas and Lawana Hammock.

According to the preliminary hearing testimony of one of the Hammocks' neighbors, admitted at trial after the court found the neighbor was unavailable, Anderson, followed by two men, got out of a car that parked in the lot next to the Hammocks' apartment complex.  Anderson walked into the apartment building; the two men jumped over the surrounding wall.  A few minutes later Anderson returned to the car, sat in the driver's seat and started the engine.  She then opened the front passenger door, revved the engine "as if to give a signal," and turned the lights on and off.  Fifteen minutes later the two men jumped back over the wall and returned to the car.  Anderson drove away with the two men inside.

Anderson testified the Simpsons drove her to an apartment Samuel Simpson said belonged to a former girlfriend to pick up his son.  Anderson did not recognize it as the Hammocks' residence and insisted she had no idea the Simpsons planned a

3

robbery. At the apartment she knocked on the door, as directed, and said it was "Yolanda." She could not see inside and did not recognize the boy's voice when he responded. She asked to speak to the boy's parents, as the Simpsons instructed, and then returned to the car where she waited until the two men came back. Samuel Simpson told her to drive when they left the area. She found out later the Simpsons had committed robbery and murder at the apartment.

On cross-examination Anderson explained she visited the Hammocks frequently at another location and had been to the Downey apartment only once and did not recognize it. She testified the Simpsons accompanied her to the front door of the apartment (rather than jumping over a wall) and she did not see, and was not aware, that they had weapons. At the door Samuel Simpson grabbed her, ordered her to return to the car and threatened her daughter's safety if she did not do as he said. She denied she had acted intentionally as the getaway driver for the robbery.[2]

The jury convicted Anderson of two counts of first degree murder and two counts of first degree robbery and found true the special allegation a principal had been armed with a firearm. Anderson was sentenced to an aggregate indeterminate state prison term of 51 years to life. We affirmed Anderson's

---

[2] With her reply brief in support of the petition for resentencing, Anderson attached transcripts of two parole consideration hearings dated August 10, 2017 and February 5, 2019. During those hearings Anderson admitted she knew the Simpsons planned to rob the Hammocks after she allowed them to gain access to the home. She continued to deny knowing either man was armed.

convictions on appeal, rejecting her contentions it was error to admit the neighbor's preliminary hearing testimony and the definition of reasonable doubt in the version of CALJIC No. 2.90 used by the trial court violated her right to due process. (*People v. Anderson, supra*, B076960.)

2. *Anderson's Petition for Resentencing*

On April 15, 2019 Anderson, represented by counsel, filed a petition for resentencing under section 1170.95. With the petition Anderson submitted her declaration under penalty of perjury stating she had been convicted of two counts of first degree murder under the felony-murder rule. Anderson further declared she could not now be convicted of first or second degree murder because of changes made to sections 188 and 189 by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437) and specifically averred she was not the actual killer in her commitment offenses, did not aid or abet the actual killer with an intent to kill, and was not a major participant in the felony and had not acted with reckless indifference to human life during the course of the robbery.

The District Attorney filed an opposition to the petition on January 29, 2020, contending Anderson was ineligible for resentencing because she had been a major participant in the robberies and had acted with reckless indifference to human life and, therefore, could still be convicted of first degree murder under the amended felony-murder rule. The District Attorney also argued Anderson could be convicted of second degree murder under a theory of implied malice. Anderson filed a reply brief on February 19, 2020.

The superior court held a hearing on March 5, 2020 to determine whether Anderson had established a prima facie case

for relief.  Following argument of counsel, the court denied Anderson's petition.  After summarizing its view of the facts, the court stated:  "In reviewing this case to see whether or not the defendant was a major participant in the underlying felony, the court read the *Banks* case and the factors.[3]  And you don't have to have all of those factors in order to be deemed a major participant. . . .  [Anderson], in her statement, had indicated she didn't know where they were going; she was just dropping these guys off somewhere.  And her credibility—let me put it this way.  Do I believe she was a major participant?  You bet I do.  When you create a situation, and you trick that young boy into letting you into—letting you in, and then you allow two other men to enter that home and kill that boy's parents in front of [him], yes, she was a major participant.  No, she wasn't there at the time of the shooting, but she was involved in the planning and the execution of that robbery that led to the death of the two victims in this case.  And the court finds the defendant was a major participant in the underlying felony murder and acted with reckless indifference to life.  And the court finds there is no prima facie case."

Anderson filed a timely notice of appeal.[4]

---

[3]     In *People v. Banks* (2015) 61 Cal.4th 788 the Supreme Court identified factors that courts should consider in determining whether a defendant was a "major participant" within the meaning of the special circumstance statute for aiders and abettors of felony murder (§ 190.2, subds. (a)(17), (d)).

[4]     Anderson was granted parole and released from custody in October 2020.  The change in her status does not moot her appeal.  (Cf. *People v. Nuckles* (2013) 56 Cal.4th 601, 609 ["a convicted felon released on parole is subject to substantial restraints on his liberty and is deemed to remain in the

6

# DISCUSSION

1. *Senate Bill 1437 and the Section 1170.95 Petition Procedure*

Senate Bill 1437 eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843 (*Gentile*)) and significantly narrowed the felony-murder exception to the malice requirement for murder. (See, e.g., *People v. Rodriguez* (2020) 58 Cal.App.5th 227, 236, review granted Mar. 10, 2021, S266652; *People v. Bascomb* (2020) 55 Cal.App.5th 1077, 1080.) It also authorized, through new section 1170.95, an individual convicted of felony murder or murder based on the natural and probable consequences doctrine to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder because of Senate Bill 1437's changes to the definition of the crime. (See *Gentile*, at p. 859.)

If the section 1170.95 petition contains all the required information, including a declaration by the petitioner that he or she was convicted of murder and is eligible for relief (§ 1170.95, subd. (b)(1)(A)), section 1170.95, subdivision (c), prescribes a process for the court to determine whether to issue an order to show cause and hold an evidentiary hearing to consider if the murder conviction should be vacated and the petitioner resentenced on any remaining counts: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of

---

constructive custody of the Department of Corrections and Rehabilitation"].)

7

this section.  If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner.  The prosecutor shall file and serve a response . . . and the petitioner may file and serve a reply . . . .  If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

In determining whether the petitioner has carried the burden of making the requisite prima facie showing he or she falls within the provisions of section 1170.95 and is entitled to relief, the superior court properly examines the record of conviction and "can dismiss any petition filed by an individual who was not actually convicted of first or second degree murder." (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 330 (*Verdugo*), review granted Mar. 18, 2020, S260493.)  "The record of conviction might also include other information that establishes the petitioner is ineligible for relief as a matter of law because he or she was convicted on a ground that remains valid notwithstanding Senate Bill 1437's amendments to sections 188 and 189 (see § 1170.95, subd. (a)(3))—for example, a petitioner who admitted being the actual killer as part of a guilty plea or who was found to have personally and intentionally discharged a firearm causing great bodily injury or death in a single victim homicide within the meaning of section 12022.53, subdivision (d)."  (*Ibid.*)  As this portion of our decision in *Verdugo* emphasized, for relief to be denied without the court first issuing an order to show cause and conducting an evidentiary hearing, the record of conviction must establish the petitioner's ineligibility as a matter of law.  (*Ibid.*; see *People v. Smith* (2020) 49 Cal.App.5th 85, 92, review granted July 22, 2020, S262835 ["[i]f it is clear from the record of conviction that

the petitioner cannot establish eligibility as a matter of law, the trial court may deny the petition"]; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410 [record must show defendant is "indisputably ineligible for relief"].)

Once the section 1170.95, subdivision (c), prima facie showings have been made, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the murder conviction and resentence the petitioner on any remaining counts. (§ 1170.95, subd. (d)(1).) At the hearing the prosecution has the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing. (§ 1170.95, subd. (d)(3); *Rodriguez, supra*, 58 Cal.App.5th at p. 230, review granted; *People v. Lopez* (2020) 56 Cal.App.5th 936, 949, review granted Feb. 10, 2021, S265974; but see *People v. Duke* (2020) 55 Cal.App.5th 113, 123, review granted Jan. 13, 2021, S265309.) The prosecutor and petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens. (See *People v. Tarkington* (2020) 49 Cal.App.5th 892, 898-899, review granted Aug. 12, 2020, S263219; *People v. Drayton* (2020) 47 Cal.App.5th 965, 981; *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1136, review granted Mar. 18, 2020, S260598.)

2. *The Superior Court Erred in Denying Anderson's Petition Without an Evidentiary Hearing*

Anderson's petition complied with the statutory requirements of section 1170.95; and her declaration, if accepted as true, made a prima facie showing of her eligibility for relief. The superior court's contrary ruling was based on its finding that

9

Anderson could still be convicted of murder under the felony-murder rule.

At the time of Anderson's trial, section 189 permitted a conviction for felony murder by imputing malice to a participant in an inherently dangerous felony, including robbery, that resulted in homicide, even if the death was accidental. (See *People v. Chun* (2009) 45 Cal.4th 1172, 1184.) As amended by Senate Bill 1437, section 188, subdivision (a)(3), now prohibits imputing malice based solely on an individual's participation in a crime and requires proof of malice to convict a principal of murder except under the revised felony-murder rule as set forth in new section 189, subdivision (e). Section 189, subdivision (e), in turn, limits the felony-murder exception to the malice requirement to situations in which the defendant was the actual killer, aided or abetted the underlying serious felony with the intent to kill, or was a major participant in the felony and acted with reckless indifference to human life.

It is undisputed that Anderson was not the actual killer of Thomas and Lawana Hammock. As discussed, although the District Attorney argued the evidence would support a finding that Anderson had acted with implied malice and could be found guilty of second degree murder, there was never a suggestion Anderson had acted during the robbery with express malice—that is, an intent to kill. Rather, the superior court's ruling was predicated on the third felony-murder category, finding that Anderson had been a major participant in the robbery of the Hammock family and had acted with reckless indifference to human life. Those findings are necessarily fact-intensive. (See *In re Scoggins* (2020) 9 Cal.5th 667, 683 [determining whether a defendant was a major participant in an underlying

10

felony who acted with reckless indifference to life within the meaning of the special circumstance statute "requires a fact-intensive, individualized inquiry"]; *In re Parrish* (2020) 58 Cal.App.5th 539, 542 [Supreme Court has prescribed "a fact-intensive and individualized inquiry" to determine whether the evidence demonstrates reckless indifference and major participation].)

The Attorney General acknowledges, although the evidence that Anderson could still be convicted of murder under the felony-murder rule may be strong, the record of conviction does not establish as a matter of law that she is ineligible for resentencing as a major participant in the robberies who acted with reckless indifference to human life. The superior court's ruling that Anderson could still be convicted of first degree murder required the court to weigh the evidence, including Anderson's credibility, and engage in factfinding, activities not permitted under section 1170.95 prior to the issuance of an order to show cause. As the court explained in *People v. Drayton, supra,* 47 Cal.App.5th at page 980, "when assessing the prima facie showing, the trial court should assume all facts stated in the section 1170.95 petition are true. [Citation.] The trial court should not evaluate the credibility of the petition's assertions, but it need not credit factual assertions that are untrue as a matter of law . . . . However, this authority to make determinations without conducting an evidentiary hearing pursuant to section 1170.95, subd[ivision] (d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life

11

in the commission of the crime). [¶] If, accepting the facts asserted in the petition as true, the petitioner would be entitled to relief because he or she has met the requirements of section 1170.95[, subdivision] (a), then the trial court should issue an order to show cause." (Accord, *People v. Duchine* (2021) 60 Cal.App.5th 798, 815 ["the time for weighing and balancing and making findings on the ultimate issues arises at the evidentiary hearing stage rather than the prima facie stage, at least where the record is not dispositive on the factual issues"].)

Accordingly, as both parties agree, the matter must be remanded for the superior court to conduct an evidentiary hearing in accordance with section 1170.95, subdivision (d).

## DISPOSITION

The order denying Anderson's section 1170.95 petition is reversed. On remand the superior court is to issue an order to show cause and to conduct further proceedings in accordance with section 1170.95, subdivision (d).


PERLUSS, P. J.

We concur:


SEGAL, J.


FEUER, J.

12